```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
```

ANGIODYNAMICS, INC.,           )
         Plaintiff             )
                               )
                  v.           )    C.A. NO. 09-cv-30181-MAP
                               )
BIOLITEC, INC., ET AL.,        )
         Defendants            )


### MEMORANDUM AND ORDER RE: CROSS-MOTION FOR ORDER AUTHORIZING SUBSTITUTED SERVICE UNDER RULE 4(f) AND FOR AN AWARD OF COSTS
(Dkt. No. 30)

May 17, 2011

PONSOR, D.J.

In this case, Plaintiff AngioDynamics, Inc., has sued three corporate defendants and one individual defendant for damages arising out of a supply and distribution agreement between Plaintiff and Defendant Biolitec, Inc. Two corporate Defendants, Biolitec AG and Biolitec, Inc., have been served.[1] The two other defendants are a different

---

[1] These two defendants have moved to dismiss for lack of personal jurisdiction and for failure to state a claim (Dkt. No. 13). Their motion was heard on February 14, 2011, and is currently under advisement. The court was informed at the February 14 hearing that a pending Motion for Summary Judgment in parallel New York litigation may render the motion to dismiss moot, and the court has been holding off on that motion pending a ruling in the New York case. Counsel should inform this court immediately if the New York court should act.

matter.

Despite diligent efforts and substantial expense, Plaintiff has had difficulty serving the third corporate defendant, Biomed Technology Holdings, Ltd. ("Biomed") and the individual defendant Wolfgang Neuberger, an international businessman who apparently maintains multiple residences in various countries throughout the world. It is undisputed that service upon Defendant Neuberger would also be adequate to constitute service upon Defendant Biomed, of which he is sole owner. It is further undisputed that Defendant Neuberger is fully aware of this litigation. Indeed, he has submitted an affidavit in support of the pending Motion to Dismiss filed by Defendants Biolitec AG and Biolitec, Inc. (See Dkt. No. 15, Neuberger Decl.)

Recently, according to counsel for Plaintiff, Plaintiff finally succeeded in effectuating personal service upon Defendant Neuberger when a hired process server left a copy of the summons and complaint at his residence in Dubai. This occurred after Plaintiff's counsel made extensive and costly (though ultimately unsuccessful) efforts to serve Defendants Neuberger and Biomed in Germany, Malaysia, and (previously via mail) Dubai. Nonetheless, at the hearing on May 10, 2011, Defendants' counsel declined to concede that the recent service of process in Dubai was effective.

The record demonstrates, overwhelmingly and in detail, that Plaintiff's difficulties with service of process arise from the evasive conduct of Defendant Neuberger and, to some extent, from the possibly inadvertent but nevertheless misleading statements made by his counsel. Under these circumstances, it is appropriate for the court to allow substituted service. See, e.g., Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002) (permitting substituted service in the case of an "elusive international defendant striving to evade service of process . . . .").

Plaintiff's Motion for Order Authorizing Substituted Service Under Rule 4(f) and for an Award of Costs (Dkt. No. 30) is hereby ALLOWED IN PART. Under these circumstances, the court orders that Plaintiff may make service upon Defendants Neuberger and Biomed through defense counsel and through the parties' e-mail address. In allowing Plaintiff's motion, the court does not wish to suggest that the service effectuated up to now was ineffective. The order permitting substituted service is simply intended to insure no ambiguity or future controversy with regard to service of process. Defendants Biomed and Neuberger will now file their answer or responsive pleadings within the time limits set by the civil rules. If additional time is

desired, a motion requesting an extension should be filed with an indication of assent, if any.

Insofar as Plaintiff's motion also seeks an award of costs, the motion is DENIED IN PART, without prejudice. If Plaintiff is ultimately successful in this litigation, it may apply for these costs as part of the Bill of Costs at that time.

It is So Ordered.

                                    /s/ Michael A. Ponsor
                                    MICHAEL A. PONSOR
                                    U. S. District Judge